UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):     The Court DENIES the motion to remand**

Before the Court is Plaintiff Shahid Rahmatullah's ("Plaintiff") motion to remand. *See* Dkt. # 13 ("*Mot.*"). Defendant Charter Communications, LLC ("Defendant" or "Charter") opposes, *see* Dkt. # 21 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 22 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving, opposing, and reply papers, the Court **DENIES** the motion.

I.     <u>Background</u>

On December 18, 2019 Plaintiff filed a putative class action complaint against Defendant in San Bernardino County Superior Court, bringing the following claims: (1) violation of the California Labor Code §§ 201 and 202 (waiting time penalties); (2) violation of California Labor Code § 2802 (unreimbursed business expenses); and (3) violation of the California Business and Professions Code. *See Complaint*, Dkt. # 1-1 ("*Compl.*"). Plaintiff seeks to represent a class of "all current and former employees who worked for any of the Defendants within the state of California at any time during the period from four years preceding the filing of this Compliant [sic] until final judgment." *See id.* ¶ 7. Plaintiff alleges that Defendant failed to provide putative class members with their final wages immediately upon termination or within seventy-two hours of voluntarily leaving employment, and members of the class were required to use their home internet access and personal automobile, and Defendant did not fully reimburse class members for these expenses. *See id.* ¶¶ 16 17. Plaintiff seeks the wages of each class member no longer employed by Defendant at their regular rate up to thirty days; unreimbursed expenses incurred by the class; restitution; prejudgment interest; attorneys' fees and costs. *See id.*, *Prayer for Relief*.

On February 19, 2020, Defendant removed the action to this Court. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). The Notice of Removal alleged federal jurisdiction under the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

Action Fairness Act of 2005 ("CAFA").  *See id.* ¶ 10.  To satisfy CAFA's jurisdictional requirements, Defendant asserted that the proposed class contained at least 6,796 members, *see id.* ¶ 13; that diversity of citizenship exists because Plaintiff is a citizen of California and Defendant is a citizen of Missouri and Delaware, *see id.* ¶¶ 14  18; and that the amount in controversy exceeds $5 million, *see id.* ¶¶ 20  22.  As Plaintiff did not expressly plead a specific amount of damages in the complaint, Defendant calculated its own estimate of the potential damages based on Plaintiff's allegations.  *See generally id.*  Defendant calculated its potential liability for waiting time penalties, assuming that the putative class did not receive their final wages for thirty days or more, and then reduced that amount by 50 percent.  *See id.* ¶¶ 20  22.

On March 9, 2020, Plaintiff filed a First Amended Complaint ("FAC"), which includes a few new allegations, including that "according to Defendants' records, Plaintiff was terminated on April 4, 2017 and the check date for a portion of his final wages, which included his regular salary wages, accrued vacation pay, and accrued personal hours, is April 5, 2017.  Moreover, on information and belief, Plaintiff was mailed this check, so his receipt of these final wages was further delayed."  *See First Amended Complaint*, Dkt. # 10 ("*FAC*"), ¶ 16.  The FAC also alleges: "[t]o perform their jobs selling Defendants' products and services, Plaintiff and other members of the Class were required to use their home internet access and personal automobile in the discharge of their job duties for Defendants.  Defendants did not fully reimburse Plaintiff or the other Class Members for these expenses.  Specifically, Defendants paid Plaintiff less than the Internal Revenue Service standard mileage rates and did not reimburse Plaintiff at all for his home internet."  *Id.* ¶ 17.  Otherwise, the FAC continues to bring the same three causes of action as the original complaint, and to seek the same remedies.  *See generally id.*

Plaintiff now moves to remand, arguing that Defendant has failed to establish the amount in controversy.  *See generally Mot.*

II.     Legal Standard

A.     Motion to Remand

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted).  Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court.").  The case shall

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

      B.     CAFA

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100.  28 U.S.C. §§ 1332(d)(2), (d)(5)(B).  "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction."  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal."  *Dart Cherokee*, 135 S. Ct. at 553.  Additionally, the Supreme Court has clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff.  *Id.* at 554.  Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required."  *Id.*  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 550.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra*, 775 F.3d at 1197.  Under this system, a defendant may rely on "reasonable assumptions" to assert that the claims meet the amount-in-controversy requirement.  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1197  99).  As the Ninth Circuit has explained:

> [I]n assessing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions."  Such "assumptions cannot be pulled from thin air but need some reasonable ground underlying them."  An assumption may be reasonable if it is founded on the allegations of the complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

*Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1198  99).

III.    Discussion

The parties do not dispute that there is minimal diversity and class numerosity.  *See NOR* ¶¶ 13  18; *see generally Mot*.  The only question is whether Defendants have adequately established that more than $5 million is in controversy.[1]  *See* 28 U.S.C. § 1332(d)(2).

Plaintiff first argues that Defendant "fails to provide any admissible evidence in support of its amount in controversy calculation" in its notice of removal, and Plaintiff makes evidentiary attacks on the declaration of J. Scott Carr submitted in support of Defendant's notice of removal. *See Mot.* 4:25  6:22.  However, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) *only when* the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added); *see also Arias*, 936 F.3d at 922 ("[A] removing defendant's notice of removal 'need not contain evidentiary submissions[.]'").  Thus, evidentiary support is not required in the notice of removal. Here, the notice of removal expressly alleges that the "the allegations in Plaintiff's Complaint and the total amount of wages, penalties, attorneys' fees, injunctive relief, and other monetary relief at issue in this action easily exceeds CAFA's jurisdictional minimum of $5,000,000." *NOR* ¶ 21.  The notice of removal discusses the claims alleged in the complaint and explains the components of Defendant's estimate of the amount in controversy. *See id.* ¶¶ 21  22; *Declaration of J. Scott Carr*, Dkt. # 1-3 ("*Carr Decl.*"), ¶¶ 7  11; *Arias*, 936 F.3d at 922, 925. The Court finds this sufficient to state a plausible allegation that the amount in controversy is satisfied.

However, as Plaintiff now contests the sufficiency of the amount in controversy, the Court must determine whether the jurisdictional requirement has been satisfied by a preponderance of the evidence. *See Dart Cherokee*, 135 S. Ct. at 554.  The Court turns first to

---

[1] Defendant also argues that Plaintiff's motion to remand contests the sufficiency of Defendant's amount in controversy allegations in its notice of removal which is procedural in nature, and Plaintiff was required to bring it within thirty days of removal pursuant to 28 U.S.C. § 1447(c). *See Opp.* 1:18  23, 8:15  9:18.  Plaintiff contends that the motion is based on a jurisdictional defect, lack of subject matter jurisdiction, rather than a procedural defect, and thus that the thirty-day deadline does not apply. *See Reply* 2  4.  Because the Court concludes that remand is not appropriate considering the substance of Plaintiff's motion, it need not decide this dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

Defendant's calculations made in its notice of removal, and then to Defendant's updated calculations made in response to Plaintiff's motion.

Plaintiff's complaint alleges that Defendant "failed to provide Class members their final wages immediately upon termination or within seventy-two hours of voluntarily leaving employment," and "Defendants willfully did not pay Plaintiff and the Class all of the wages that were due to them within the time required by sections 201 and 202." *Compl.* ¶¶ 16, 22. The complaint seeks "the wages of each Class Member who is no longer employed by Defendant at their regular daily rate up to a maximum of thirty (30) days." *Id.*, *Prayer for Relief*. The complaint also alleges that Defendant "applied the same policies . . . to all other members of the proposed Class," and "these uniform policies, practices and procedures violated California's labor laws[.]" *Id.* ¶ 18.

California Labor Code § 203 provides that "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits," wages continue as a penalty at an employee's daily rate of pay until the final wages are paid, or an action to recover them is commenced, up to a maximum of 30 days. The relevant time period covering Plaintiff's waiting time claim is the three-year period immediately preceding the filing of the state court action on December 18, 2019. Cal. Code Civ. P. § 338.

To calculate the amount in controversy, Defendant submitted the declaration of Charter's counsel, which states that counsel personally reviewed and analyzed employment data and that there are 6,796 full-time employees who terminated their employment between December 18, 2016 (three years prior to the filing date of the complaint) and December 17, 2019 (the date of filing the complaint). *See Carr Decl.* ¶ 7. Defendant has also submitted the declaration of Derek Dreyfus, the Senior Director, HR Technology, for Charter, which states that Charter analysts conducted a search of Charter's business records and produced an Excel spreadsheet file containing the following fields: employee name, start date, termination date, reason for termination, full or part-time status, status, and rate of compensation. *Declaration of Derek Dreyfus*, Dkt. # 21-2 ("*Dreyfus Decl.*"), ¶¶ 1 8; *see also Carr Decl.* ¶ 6. From those spreadsheets, to arrive at the amount in controversy, Charter's counsel calculated a daily wage rate for each terminated full-time employee within the relevant time frame. *See Carr Decl.* ¶ 9. For non-exempt employees, Defendant took the actual hourly rate (not an average rate) for each such employee and multiplied that rate by eight hours; and for exempt employees, Defendant divided their annual rate of base pay by 2,080 to arrive at the equivalent of an hourly rate, then multiplied that rate by eight hours. *See id.* ¶ 9. These daily rates were multiplied by thirty days for employees whose employment terminated thirty days or more before the filing of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

complaint; and otherwise Defendant multiplied the daily rate by the number of days between the employee's date of termination and the filing of the complaint. *See id.* This produces a total amount of $29,479,951.98. *See id.* To obtain a more conservative amount, Defendant reduced that amount by 50%, for a total of **$14,739,975.99**. *See id.* ¶ 10. That amount does not include damages for failure to reimburse business expenses, damages for violations of California Business & Profession Code §§ 17200, et seq., and attorneys' fees.[2] *See id.* ¶ 11.

Plaintiff argues that this calculation is unreasonable because Defendant's assumption of a maximum thirty-day calculation (or its conservative estimate of half that amount) is not supported by competent evidence that such penalties are actually in controversy. *See Mot.* 6:23 11:17. Plaintiff relies heavily on *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007), and *Garibay v. Archstone Communities LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) in support. *See id.* However, the "legal certainty" standard that the Ninth Circuit applied in *Lowdermilk* and *Garibay* to determine whether the evidence sufficiently supported the maximum statutory penalty is no longer applicable to CAFA cases. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (recognizing that the legal certainty standard used in *Lowdermilk* has been overruled). Moreover, here, Plaintiff pleads in the complaint that class members are entitled to "their regular daily rate up to a maximum [penalty] of thirty days (30) days," under California Labor Code § 203. *See Compl.*, *Prayer for Relief*. The thirty-day maximum is supported by Plaintiff's complaint because Plaintiff seeks the maximum penalty, and Plaintiff's complaint contains broad and general allegations and does not contain limiting language. *See, e.g.*, *Compl.* ¶¶ 16, 22, 18; *Gonzalez v. Comenity Capital Bank*, No. 1:19-CV-00342-AWI-EPG, 2019 WL 5304924, at *5 (E.D. Cal. Oct. 21, 2019) (holding that

---

[2] This Court has routinely accepted similar declarations from human resources professionals, such as those submitted here, as credible evidence to establish CAFA removal. *See Alvarez v. Office Depot*, No. CV 17-7220 PSG (AFMx), 2017 WL 5952181, at *2 (C.D. Cal. Nov. 30, 2017); *Al-Najjar v. Kindred Healthcare Operating, Inc.*, No. CV 17-6166 PSG (FFMx), 2017 WL 4862067, at *2 4 (C.D. Cal. Oct. 26, 2017); *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *3 (C.D. Cal. June 29, 2017); *Dawson v. Hitco Carbon Composites, Inc.*, No. CV 16-7337 PSG (FFMx), 2016 WL 7235629, at *2 (C.D. Cal. Dec. 14, 2016). Defendant has provided the declarations of its counsel and corporate representatives authenticating the data and confirming it was sourced from Charter's Human Resources information and billing system. *See generally Carr Decl.*; *Supp. Carr Decl.*; *Dreyfus Decl.*; *Bergen Decl.* To the extent Plaintiff takes issue with the fact that Defendant has submitted its evidence through these declarations, the Court concludes that the declarations are a proper mechanism for conveying the evidence contained in them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

the court may consider maximum statutory penalty because the plaintiff has specified and asked for the statutory maximum in the pleading); *Gant v. ALDI, Inc.*, No. LA CV19-03109 JAK (PLAx), 2020 WL 1329909, at *5 (C.D. Cal. Mar. 20, 2020) (where the complaint "lacks specificity, and includes boilerplate contentions . . . its terms are susceptible to a substantial range of reasonable assumptions"). The Ninth Circuit has explained that "the amount in controversy reflects the *maximum* recovery [a] plaintiff could reasonably recover" on a complaint, *Arias*, 936 F.3d at 927 (emphasis in original), and it includes "all amounts 'at stake' in the litigation at the time of removal, 'whatever the likelihood that [the plaintiff] will actually recover them,'" *id.* (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)). Moreover, Defendant's "conservative" calculation reduces that number by half, relying on a 15-day penalty, only for full-time employees. *See Opp.* 15:4  11.

Further, Defendant has provided updated and more conservative calculations in response to Plaintiff's new allegation in the FAC and in the declaration that he submitted that Plaintiff received his final wages only three to four days after his termination. *See FAC* ¶ 16; *Declaration of Shahid Rahmatullah*, Dkt. # 13-2 ("*Rahmatullah Decl.*"), ¶¶ 2  3. Specifically, Charter's counsel again analyzed business records created and maintained by Charter in its usual course of business. *See Supplemental Declaration of J. Scott Carter*, Dkt. # 21-2 ("*Supp. Carr Decl.*"), ¶¶ 6  7. Defendant identified 7,376 full-time and part-time employees who were terminated between December 18, 2016 (three years prior to the filing of the complaint) through June 11, 2020 (the most recent available data). *See id.* ¶ 8; *Dreyfus Decl.* ¶¶ 7, 10. Defendant contends that this time period is consistent with Plaintiff's class definition which seeks to represent employees terminated through "final judgment." *See Supp. Carr Decl.* ¶ 8; *Compl.* ¶ 7; *FAC* ¶ 7. Defendant excluded employees who were terminated less than four days prior to June 11, 2020. *See Supp. Carr Decl.* ¶ 9. Defendant then performed the same analysis described above by calculating the daily wage rate for each terminated employee, but limited the waiting time penalty to only four days (the amount of days specified in Plaintiff's declaration) and included part-time employees. *See Supp. Carr Decl.* ¶¶ 9  10. This produces a total of **$4,260,526.86** on the waiting time penalty claim. *See id.*

Defendant also submitted a calculation on the reimbursement claim. In both the complaint and FAC, Plaintiff alleges that Charter failed to fully reimburse current and former employees over the last four years for business expenses incurred in their required use of their "home internet access and personal automobile," and alleges that Defendant applied these same policies "to all other members of the proposed Class." *See Compl.* ¶¶ 17  18, 27; *FAC* ¶¶ 17  18, 27. Plaintiff seeks to recover damages for all current and former employees in California for the time period starting four years prior to the filing of the complaint through judgment. *See Compl.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

¶ 7; *FAC* ¶ 7.  Charter provided counsel business records listing all current employees who worked for Charter in California as of June 24, 2020 (the most recent available data).  *See Dreyfus Decl.* ¶¶ 12  14.  Charter also provided data reflecting the amount Plaintiff was invoiced for home internet service in January, February, March, and April 2017, while he was an active employee, which showed a $5.00 per month charge.  *See Declaration of Rena Bergen*, Dkt. # 21-3 ("*Bergen Decl.*"), ¶¶ 2  4.  Assuming that Charter failed to provide home internet for all current and former class members, and assuming each employee would be owed $5 per month for home internet, Defendant determined the amount in controversy on this claim based on the number of terminated employees discussed above as well as current employees, and the number of months worked in total by these employees.  *See Supp. Carr Decl.* ¶¶ 14  15.  Specifically, Defendant determined the number of days worked by each of these employees from the later of their date of hire or December 18, 2015 (four years before the filing of the complaint), divided the number of days worked by thirty to arrive at the number of months worked by each, then multiplied the number of months worked by $5.  *See id.*  This resulted in a total of $550,147.83 owed to terminated employees, and a total of $1,657,252.83 owed to current employees, for a combined total of **$2,207,400.66** for the home-internet service portion of the reimbursement claim.  *See id.* ¶ 16.  The waiting time claim and home-internet portion of the reimbursement claim totals **$6,467,927.52**, without accounting for attorneys' fees.  *See id.* ¶ 17.

Defendant relies on a "chain of reasoning that includes assumptions," but ultimately the Court is satisfied that these assumptions are supported by Plaintiff's allegations in his complaint, his declaration, and based on Plaintiff's home-internet charges.  *See generally Supp. Carr Decl.*; *Arias*, 936 F.3d at 925.  Plaintiff argues in response that Defendant's waiting time calculations must be rejected because Defendant has failed to "provide this Court with the pertinent information," such as business records, spreadsheets, and wage statements.  *See Reply* 1:17  22, 6:28  24.  But a defendant need not "provide evidence proving" its assumptions correct, rather, the defendant's chain of reasoning must "only have 'some reasonable ground underlying them.'" *Arias*, 936 F.3d at 927; *Opp.* 6:14  22; *see also Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325FCDEFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) ("There is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation."); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'"); *see also Bryant v. Serv. Corp. Int'l*, No. C 08-01190 SI, 2008 WL 2002515 at *6 (N.D. Cal. May 7, 2008) ("[Removing] defendants cannot be expected to try the case themselves for purposes of establishing jurisdiction, and then admit to the opposing party and to the Court that a certain number of wage and hour violations did indeed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|---|---|---|---|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

occur."). As to the reimbursement claim, Plaintiff argues that Defendant improperly assumes a 100 percent violation rate, by assuming that all of the putative class members worked from home and incurred home internet expenses. *See Reply* 9:1 11. However, Plaintiff's operative complaint at the time of removal broadly and generally alleges that "[t]o perform their jobs, Plaintiff and other members of the Class were required to use their home internet access and personal automobile. Defendants did not fully reimburse Plaintiff or other Class Members for these expenses." *Compl.* ¶ 17. It also alleges that Defendant "applied the same policies . . . to all other members of the proposed Class," and such policies were "uniform." *Id.* ¶¶ 18, 12(i) ("Defendants have used *uniform* policies and procedures that have *consistently* violated California labor laws and regulations and caused Plaintiff and the rest of the Class to suffer the same or similar injuries" (emphasis added)). The complaint does not allege that only some class members were required to use home internet to perform their jobs, nor does it contain detail that would limit its broad allegations of consistent and uniform policies. *See id.* It is reasonable to extrapolate from these broad allegations a uniform and consistent practice of failing to pay timely wages to class members and failing to pay for home internet service. *See, e.g.*, *Feltzs v. Cox Commc'ns Cal., LLC*, No SACV 19-2002 JVS (JDEx), 2020 WL 133687, at *4 (C.D. Cal. Jan. 13, 2020) (finding 100 percent violation rate reasonable based on allegation that defendant "consistently" committed violations); *Mejia v. DHL Express (USA), Inc.*, No. 15-0890 GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) (finding a 100 percent violation rate reasonable based on allegations that Defendant "adopted and maintained uniform policies, practices and procedures" that caused the purported violations); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation."); *cf. Ibarra*, 775 F.3d at 1199 (allegation that defendant had a "pattern and practice" of violations and that the plaintiff went without compensation on "multiple occasions," "does not necessarily mean always doing something"). It is also worth noting that Plaintiff does not affirmatively argue that the true amount in controversy falls below $5 million, or proffer alternative calculations or estimates to undercut Defendant's. *See generally Mot.*; *Reply*; *Opp.* 1:18 19.

Although Defendant also calculates attorneys' fees, the Court need not reach Defendant's attorneys' fees argument. *See Opp.* 19:21 21:14. Defendant has demonstrated it is more likely than not that the amount in controversy exceeds $5 million, assuming the truth of the allegations in the complaint, before calculating attorneys' fees. *See id.* 19 21 (citing *Fritsch v. Swift Transp. Co. of Az., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 20-354 PSG (SPx) | Date | July 15, 2020 |
|----------|-----------------------|------|---------------|
| Title | Shahid Rahmatullah v. Charter Communications, LLC et al. | | |

　　　In sum, the Court concludes that Defendant has carried its burden to establish by a preponderance of the evidence that the amount in controversy is met.

IV.　　Conclusion

　　　For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

　　　**IT IS SO ORDERED**.